**NOT FOR PUBLICATION**

AUG 09 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALESIA KAZAKEVICH, | No. 11-71611 |
| Petitioner, | |
| v. | Agency No. A097-354-917 |
| LORETTA E. LYNCH, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order
of the Board of Immigration Appeals

Argued and Submitted July 8, 2016
Pasadena, California

Before: CLIFTON and FRIEDLAND, Circuit Judges, and CHEN, District Judge.[**]

Alesia Kazakevich, a native of the former USSR and a citizen of Belarus,

petitions for review of the decision of the Board of Immigration Appeals ("BIA")

upholding the Immigration Judge's ("IJ") denial of her applications for asylum and

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Edward M. Chen, District Judge for the U.S. District
Court for the Northern District of California, sitting by designation.

withholding of removal[1].  We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1.    The BIA properly upheld the Immigration Judge's denial of Kazakevich's application for asylum.  Kazakevich entered the United States on May 31, 2001 and filed her asylum application in August 2003.  The Immigration and Nationality Act ("INA") requires an asylum seeker to file her application within one year of her arrival in the United States.  8 U.S.C. § 1158(a)(2)(B).  "The 1–year period shall be calculated from the date of the alien's last arrival in the United States or April 1, 1997, whichever is later."  8 C.F.R. § 1208.4(a)(2)(ii).  As Kazakevich filed her application more than two years after she entered the United States in 2001, her application is untimely.

Kazakevich asserts she is entitled to an exception to the one-year deadline due to the extraordinary circumstance of ineffective assistance of counsel.  *See* 8 C.F.R. § 208.4(a)(5)(iii).  The BIA rejected her ineffective assistance argument because, even if Kazakevich had shown extraordinary circumstances, she had not contested the IJ's determination that she failed to establish that she filed her application within a reasonable period after discovering the ineffective assistance.

---

[1]    Because Kazakevich has not raised on this appeal the IJ's denial of her additional claim for relief under the Convention Against Torture, that issue is waived.  *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

*See* 8 C.F.R. § 1208.4(a)(5) (extraordinary "circumstances may excuse the failure to file within the 1–year period as long as the alien filed the [asylum] application within a reasonable period given those circumstances"). She fails to raise such an argument before this Court as well. Because Kazakevich failed to exhaust that issue, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). In any event, were we to address the merits, we could not conclude that her 16-month delay is reasonable. Kazakevich neither explains why she waited 16 months after learning of the ineffective assistance to file her application nor argues that such a delay is otherwise reasonable. Thus, extraordinary circumstances do not excuse Kazakevich's untimely asylum application.

2. The BIA properly upheld the IJ's adverse credibility determination and denial of withholding of removal. We review the BIA's adverse credibility determination for substantial evidence. *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014).

Kazakevich claims the Belarusian government persecuted her on account of her political beliefs. She claims she was interrogated by a prosecutor and threatened with jail for speaking out against the government. The BIA's determination that Kazakevich's claim was not credible is supported by substantial

3

evidence. That determination was based primarily on an overseas investigation report submitted by the Department of Homeland Security ("DHS"). This report found, among other things, that a document Kazakevich submitted in support of her claim – a prosecutor's summons to which she claims she responded and which led to her interrogation – was fraudulent. The summons lists the address of the prosecutor's office as 12 Moskowskaya Street. Yet, the investigation report states that the prosecutor's office was not and had never been located at that address. The authenticity of the summons goes to the heart of Kazakevich's claim.

Kazakevich argues that there is reason to question some of the report's contents and that she should have been afforded the right to cross-examine the report's author. However, the IJ gave her 90 days to respond to the report, and she nevertheless failed to provide any rebuttal to the report's findings. *Cf. Bondarenko v. Holder*, 733 F.3d 899, 906 (9th Cir. 2013) ("We conclude the IJ violated due process in not allowing Bondarenko a continuance to investigate the forensic report."); *Cinapian v. Holder*, 567 F.3d 1067, 1075 (9th Cir. 2009) ("[W]e hold that the combination of the government's failure to disclose the DHS forensic reports in advance of the hearing or to make the reports' author available for cross-examination and the IJ's subsequent consideration of the reports under these circumstances denied Petitioners a fair hearing."). Particularly significant is her

failure to rebut the finding that the prosecutor's office is not and has never been located at the address listed on the summons. This was an objective fact that could have been rebutted by evidence accessible, if it existed, to Kazakevich. We also note that Kazakevich did not mention the alleged interrogation in her asylum application.

Because the BIA's adverse credibility determination was supported by substantial evidence, the agency properly denied Kazakevich's petition for withholding of removal.

**PETITION FOR REVIEW DENIED.**

11-71611